UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

            Plaintiff,

       --vs--

FRANK PETERS, *et al.*,

            Defendants.

**PROTECTIVE ORDER**

03-CR-211S

---

Pursuant to the motion of JP Morgan Chase Bank ("Chase"), dated May 17, 2007, for entry of a protective order, and to quash or modify certain subpoenas pursuant to Federal Rule of Criminal Procedure 17(c), 12 C.F.R. § 21.11(k), and 31 U.S.C. § 5318(g), and for good cause shown,

    IT HEREBY IS ORDERED:

With respect to the subpoena, issued May 14, 2007, requesting "Documents produced in connection with the above litigation containing the following Bates numbers: JPM 000001 – JPM 017677", Chase has fully complied by copying JPM 000001- JPM 004150 in the same order as the originals at the expense of Frank Peters and delivering the originals to the Court. To ensure the integrity of the JPM 000001- JPM 004150 originals, (a) those documents shall, at all times, be segregated from any other documents, (b) those documents shall at all times be kept within the courtroom, (c) only counsel of record, their employees, and the defendants shall be permitted to access the documents, and (d) any document removed shall be promptly returned to its original

place unless marked as a trial exhibit in which case a copy shall be made and substituted.

With respect to the subpoena, issued May 14, 2007, requesting "Documents prepared by the Chase 'Fraud Prevention and Investigation Unit' or 'FPI' or 'Chase Investigations' in connection with World Auto Parts or Bighorn Core," this Court has conducted an *in camera* inspection of documents submitted under seal by Chase to determine which documents, if any, should be produced, and which shall be protected pursuant to 12 C.F.R. § 21.11(k), and 31 U.S.C. § 5318(g), or by the attorney-client privilege. For the reasons stated from the bench on the record on May 30, 2007, this Court finds that the defendants' Sixth Amendment right to compulsory process trumps the privileges that may otherwise protect the documents from disclosure.

Consequently, this Court provided copies of all documents submitted by Chase for *in camera* review to the defendants' attorneys for their use only. This Court now extends access to the defendants themselves. The Government is permitted access to any of the documents that either defendant intends to use at trial. No other access to these documents is permitted. The use of the documents produced pursuant to this Order is strictly limited to use in this proceeding, and counsel shall protect the documents from disclosure to anyone not a party to this proceeding.

This Court's finding that the defendants are entitled to access the documents at issue under the Sixth Amendment does not constitute a waiver by Chase of any of its privileges, nor does its disclosure of the documents constitute a failure by Chase to comply with 12 C.F.R. § 21.11(k), and 31 U.S.C. § 5318(g).

SO ORDERED.

Dated:	May 31, 2007
	Buffalo, New York.

<u>Hon. William M. Skretny</u>
HON. WILLIAM M. SKRETNY
United States District Court Judge
