UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

     v.                                                        **DECISION AND ORDER**
                                                            03-CR-211S

FRANK E. PETERS,

           Defendant.

---

     1.      On August 3, 2007, the Government filed a Motion to Unseal various sealed, *ex parte* documents relating to the issuance of pretrial subpoenas pursuant to Rule 17 of the Federal Rules of Criminal Procedure. (Docket No. 266.)

     2.      This Court sealed the documents to protect Defendant Peters's right to compulsory process under the Sixth Amendment, and to avoid him having to disclose his trial strategy to the Government. See, e.g., United States v. Florack, 838 F.Supp. 77, 79-80 (W.D.N.Y. 1993) (noting that Rule 17 subpoenas may be issued *ex parte* to avoid creating a "Hobson's choice" between disclosing trial strategy or foregoing the right to compulsory process); United States v. Fox, 275 F.Supp.2d 1006, 1012 (D.Neb. 2003) (finding *ex parte* subpoena seeking pretrial production of documents proper if documents are to be used at trial); United States v. Weissman, No. 01 CR 529, 2002 WL 1467845, at *1-*2 (S.D.N.Y. July 8, 2002) (permitting *ex parte* applications for Rule 17 subpoenas "where a party can demonstrate that it would be required to prematurely disclose its trial strategy, witness list, or other privileged information in its application").

3. The Government contends that these documents should now be unsealed to preserve the openness of judicial proceedings, because there is a presumption of access in federal courts, and because it is no longer necessary to protect Defendant Peters's trial strategy since the trial in this matter has concluded. The Government also asserts that the documents may be relevant to sentencing.

4. Defendant Peters opposes this motion on the basis that the Rule 17 subpoenas were obtained properly, that the relevance of these documents to sentencing is entirely speculative, and that there may be another trial if his anticipated appeal is successful.

5. Having reviewed the motion papers, this Court finds that there is no longer sufficient cause for these documents to remain under seal in light of the fact that Defendant Peters's litigation strategy has been revealed through the trial of this matter. In this Court's view, the possibility of another trial resulting from a successful appeal does not override the presumption of access and openness in federal courts. See, e.g., United States v. Amodeo, 71 F.3d 1044, 1048 (2d Cir. 1995); WDNY Local Rule of Criminal Procedure 55.2(a). Moreover, whether there is a second trial or not, Defendant Peters's trial strategy has already been revealed to the Government. Accordingly, this Court will grant the Government's motion and direct the Clerk of the Court to unseal the documents at issue.

IT HEREBY IS ORDERED, that the Government's Motion to Unseal (Docket No. 266) is GRANTED.

FURTHER, that the Clerk of the Court is directed to unseal the following docket numbers: 97, 98, 99, 106, 115, 116, 117, 118, 119, 120, 121, 122, 123, 125, 126, 129, 130, 131, 156, 157, 158, 159, 160, 161, 162, 163, and 169.

SO ORDERED.

Dated:  November 9, 2007
        Buffalo, New York

                                                      <u>/s/William M. Skretny</u>
                                                      WILLIAM M. SKRETNY
                                                      United States District Judge