UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

      v.                                                                                  **DECISION AND ORDER**
                                                                                         03-CR-211S

FRANK E. PETERS,

               Defendant.

      1.      On July 30, 2007, Defendant Frank E. Peters was convicted after jury trial of, *inter alia*, conspiring to defraud Chase Bank in violation of 18 U.S.C. § 371.  On August 2, 2007, counsel for Defendant Peters orally moved to arrest judgment on this count under Rule 34 of the Federal Rules of Criminal Procedure.  (Docket No. 270.)  He filed a written motion seeking the same relief on August 3, 2007.  (Docket Nos. 267, 268.)  The Government filed responses in opposition to both motions (Docket Nos. 265, 283), and Defendant Peters filed a reply memorandum (Docket No. 288).  For the following reasons, Defendant Peters's motion is denied.

      2.      Rule 34 requires a court to arrest judgment if "(1) the indictment or information does not charge an offense; or (2) the court does not have jurisdiction of the charged offense."  Fed. R. Civ. P. 34(a).  These are the only two circumstances in which arrest of judgment is proper under the rule.  See United States v. Zisblatt, 172 F.2d 740, 741 (2d Cir. 1949); United States v. Genao, 361 F.Supp.2d 224, 228 (S.D.N.Y. 2005); United States v. Earls, No. 03 CR. 0364, 2004 WL 1488524, at *1 (S.D.N.Y. July 2, 2004).

3.      Rule 34 motions "must be decided upon the 'record,' and the 'record in a criminal prosecution includes no more than the indictment, the plea, the verdict — when the plea is 'not guilty' — and the sentence; it does not cover anything which took place 'in pays' [outside court or legal proceedings]." United States v. Bradford, 194 F.2d 197, 201 (2d Cir. 1952); Black's Law Dictionary, 794 (7th ed. 1999); see also United States v. Muyet, 994 F.Supp. 550, 563 (S.D.N.Y. 1998) (quoting Bradford); United States v. Stolon, 555 F.Supp. 238, 239 (E.D.N.Y. 1983) (same).

4.      Defendant Peters does not challenge this Court's jurisdiction.  He contends, however, that Count 1 of the Indictment (the conspiracy count) fails to charge an offense because it improperly alleges three conspiracies instead of one.  According to Defendant Peters, the conspiracy charged in Count 1, which is alleged to have occurred between June of 1998 and October 31, 2000, falls into three distinct categories with distinct time-frames: (1) falsely inflating the borrowing base (November 30, 1998-January 28, 2000); (2) thwarting auditors (May 2-19, 2000); and (3) diverting money from Chase through ITEC (February 15-May 2, 2000).  (Docket No. 267, ¶¶ 9-11.)  Defendant Peters therefore argues that judgment on Count 1 must be arrested because Count 1 is duplicitous, and therefore does not properly charge a crime.  Further, he argues that the jury's acquittal of him on Counts 2, 3, and 4 support his argument that Count 1 is duplicitous.

5.      Both this Court and the Magistrate Judge have previously rejected Defendant Peters's contention that Count 1 is impermissibly duplicitous.  (Docket Nos. 65, 79.)  Moreover, this Court denied Defendant Peters's Rule 29 and Renewed Rule 29 motions that raised similar arguments.  (Docket Nos. 254, 255, 270.)  Consistent with those rulings, this Court again finds that, on the face of the Indictment, Count 1 properly charges

2

conspiracy under 18 U.S.C. § 371.  Consequently, Defendant Peters's Motion to Arrest Judgment under Rule 34 is denied.

IT HEREBY IS ORDERED, that Defendant Frank E. Peters's Motion to Arrest Judgment (Docket No. 267) is DENIED.

SO ORDERED.

Dated:  November 13, 2007
         Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge