IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    -v-                                03-CR-211S

FRANK E. PETERS,

        Defendant.
_____

### PRELIMINARY ORDER OF FORFEITURE

**BASED** upon the counts of conviction (Counts 1,5,6,7,8, and 9) returned against the defendant, FRANK E. PETERS, by the jury in this case on or about July 30, 2007, whereby, on March 19, 2009, this Court issued a Decision and Order granting an Order of Forfeiture against FRANK E. PETERS, pursuant to 18 U.S.C. § 982(a)(2), in the amount of TWENTY-THREE MILLION, ONE HUNDRED FIFTY-FOUR THOUSAND, TWO HUNDRED FIFTY-NINE DOLLARS ($23,154,259.00); and

**WHEREAS**, this Court has concluded that there is cause to believe that the proceeds of the offenses of conviction, as a result of the acts and omissions of the defendant cannot be located upon the exercise of due diligence; have been transferred to third parties; and/or have been substantially diminished in value, and, therefore, this Court is authorized to order the forfeiture of any other property of the defendant up to the value of $23,154,259.00 pursuant to 21 U.S.C. §§ 853(p)(1) and (2);

**NOW THEREFORE**, pursuant to Federal Rules of Criminal Procedure Rule 32.2(b) and Title 18, United States Code, Sections 982(a)(2) and (b)(1), and upon entry of this Preliminary Order of Forfeiture;

**IT IS ORDERED**, pursuant to Federal Rules of Criminal Procedure Rule 32.2(c)(1) no ancillary proceeding is required for a money judgment, therefore, the sum of $23,154,259.00 is to be forfeited and is to be secured by an entry of judgment. Said judgment amount will accrue interest at the prevailing rate per annum and serve as a judgment and lien against the defendant's property, wherever situated until fully satisfied; and it is further

**ORDERED**, that the Court hereby authorizes the Attorney General, through the United States Attorney's Office and the United States Marshals Service, to file such judgment against the defendant, FRANK E. PETERS, and in the event the defendant pays the judgment in full prior to his sentencing, the United States shall prepare an appropriate satisfaction of judgment; and it is further

**ORDERED, ADJUDGED, AND DECREED** that all of FRANK E. PETERS'S right, title and interest (direct or indirect) in the following properties will be forfeited as substitute assets pursuant to Title 21, United States Code, Section 853(p) and, if after the completion of any ancillary proceedings wherein the government is successful

in obtaining a final order of forfeiture, the net proceeds generated from their forfeiture and (where necessary) sale shall be credited accordingly against the $23,154,259.00 judgment entered against the defendant, including:

1. The net proceeds previously deposited with the U.S. Marshals Service in this case from the prior sales of the premises and real property located at 142 Maroon Drive, Aspen, Colorado and located at 517 Mesquite Hills, Palm Desert, California, and all interest earned thereon; and

2. The premises and real property with all buildings, appurtenances and improvements, if any, located at 513 Mesquite Hills, Lot 26, Palm Desert, California; and

3. The premises and real property with all buildings, appurtenances and improvements located at 73650 Pinyon Street, Lot 5, Palm Desert, California; and it is further

**ORDERED**, upon the entry of this Order, the Attorney General, through the United States Marshals Service, is authorized to seize the properties described above, or proceeds of any prior sale of said properties as provided in Fed. R. Crim. P. 32.2(b)(3); and it is further

**ORDERED,** upon the entry of this Order, the Attorney General, through the United States Attorney's Office, is authorized to commence any applicable proceeding to comply with the statutes governing third party rights, including giving notice of this Order and otherwise as prescribed in Fed. R. Crim. P. 32.2(c) and 18 U.S.C. § 982(b)(1) which incorporates 21 U.S.C. § 853(n)(6); and it is further

**ORDERED,** pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture will become final as to the defendant at sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2); and it is further

**ORDERED,** the United States shall have clear title to the subject properties following the Court's disposition of all third party interests, or, if none, following the expiration of the period for filing third party petitions as provided in 21 U.S.C. § 853(n), which is incorporated by 18 U.S.C. § 982(b)(1) and the Court shall issue a Final Order of Forfeiture or confirm the finality of this Order as to all parties; and it is further

**ORDERED**, the United States Department of Justice may take steps to collect the money judgment from any other property of the defendant, real or personal, including such seizures and discovery as the Court considers proper, in accordance with Fed. R. Crim. P. 32.2(b)(3) and the substitute asset provisions of 21 U.S.C. § 853(p) and may ask this Court to amend this Preliminary Order accordingly;

The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

SO ORDERED.

/s/William M. Skretny
WILLIAM M. SKRETNY
UNITED STATES DISTRICT JUDGE

DATED: April 8, 2009.
Buffalo, New York.