UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------
UNITED STATES OF AMERICA

     -vs-

FRANK E. PETERS,

          Defendant.
------------------------------------------------

NOTICE OF MOTION
No. 03-CR-211S(Sch)

| | |
|---|---|
| **MOTION BY:** | Defendant FRANK E. PETERS, by his attorneys, CONNORS & VILARDO, LLP. |
| **DATE, TIME, AND PLACE OF MOTION:** | At a date and time to be determined by the Court, before the Hon. William M. Skretny, Part IV, Fifth Floor, United States Courthouse, 68 Court Street, Buffalo, New York 14202.<br><br>ORAL ARGUMENT IS NOT REQUESTED. |
| **SUPPORTING PAPERS:** | Affidavit of James W. Grable, Jr., Esq., with exhibits, and all prior pleadings and proceedings in this action. |
| **RELIEF SOUGHT:** | An Order of this Court granting withdrawal of Mr. Peters's consent (*see* Docket Item 530) to distribute $18,888.25; application of that $18,888.25 on deposit to preserve 513 Mesquite Hills, Lot 26, Palm Desert, California ("Lot 26"), during the appeal; and a stay of forfeiture of Lot 26 pending completion of the appeal. |
| **GROUNDS FOR RELIEF SOUGHT:** | Federal Rule of Criminal Procedure 32.2(d). |

Dated:   Buffalo, New York
         February 4, 2011

                                                        /s/ James W. Grable, Jr.
                                                        James W. Grable, Jr., Esq.
                                                        CONNORS & VILARDO, LLP
                                                        Attorneys for Defendant
                                                         Frank E. Peters
                                                        1000 Liberty Building
                                                        Buffalo, New York  14202
                                                        (716) 852-5533
                                                        jwg@connors-vilardo.com

TO:   Richard D. Kaufman, Esq.
      Assistant United States Attorney
      138 Delaware Avenue
      Buffalo, New York  14202

      Gretchen L. Wylegala, Esq.
      Assistant United States Attorney
      138 Delaware Avenue
      Buffalo, New York  14202

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------
UNITED STATES OF AMERICA

    -vs-                                                          CERTIFICATE OF SERVICE
                                                                                    No. 03-CR-211S(Sch)

FRANK E. PETERS,

                Defendant.
------------------------------------------------
STATE OF NEW YORK  )
COUNTY OF ERIE       ) SS:
CITY OF BUFFALO    )

      I hereby certify that on February 4, 2011, I electronically filed the foregoing Notice of Motion and supporting affidavit, with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the following CM/ECF participants on this case: Assistant United States Attorneys Gretchen L. Wylegala, Esq. and Richard D. Kaufman, Esq. (counsel for the government); Susan C. Roney, Esq. (counsel for JP Morgan Chase Bank, NA); and Patrick J. Brown, Esq. (counsel for Marta Chaikovska).

                                                              _____
                                                              James W. Grable, Jr., Esq.
                                                              CONNORS & VILARDO, LLP
                                                              Attorneys for Defendant
                                                                Frank E. Peters
                                                              1000 Liberty Building
                                                              Buffalo, New York  14202
                                                              (716) 852-5533
                                                              jwg@connors-vilardo.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
---------------------------------------------------------
UNITED STATES OF AMERICA

        -vs-

FRANK E. PETERS,

        Defendant.
---------------------------------------------------------

AFFIDAVIT IN
SUPPORT OF MOTION
No. 03-CR-211S(Sch)

STATE OF NEW YORK  )
COUNTY OF ERIE      )SS.:
CITY OF BUFFALO     )

        James W. Grable, Jr., Esq., being duly sworn deposes and says that:

        1.    I am an attorney licensed to practice in the State of New York and admitted to the bar of this Court, and a partner in the law firm of CONNORS & VILARDO, LLP, attorneys for defendant FRANK E. PETERS in the above-captioned matter; as such, I am familiar with the pleadings and proceedings in this case.

        2.    I offer this affidavit in support of Mr. Peters's application that the forfeiture of Lot 26 (513 Mesquite Hills, Palm Desert, California) be stayed pursuant to Federal Rule of Criminal Procedure 32.2(d), pending the appeal.

        3.    On November 10, 201, the government and Mr. Peters jointly moved for, *inter alia*, payment of $18,888.25 of the proceeds on deposit with the

United States Marshals Service to Marta Chaikovska. *See* Docket Item 530 ¶¶ 4-5.

4. In our supplemental sentencing memorandum filed on January 10, 2011, we noted that the defense would seek a stay of forfeiture pursuant to Federal Rule of Criminal Procedure 32.2(d). *See* Docket Item 541 at 3.

5. The government responded and noted that the expenses associated with maintaining the property favored a forfeiture sale instead of a stay. *See* Docket Item 542 at 2-4. The government's response notes that with the entry of the final order of forfeiture, taxes will not be owed on the property while the appeal is pending, so that the expense associated with maintenance of the property during the appeal will be $730 per month. *See id.* at 3.

6. To overcome this concern and provide for payment of the $730 per month, the defense proposes that the $18,888.25 previously proposed to be paid to Marta Chaikovska be applied to preserve Lot 26 while Mr. Peters's appeal is pending. To accomplish this purpose, Mr. Peters formally withdraws his consent that the $18,888.25 be paid to Ms. Chaikovska.

7. Assuming that the amount necessary to preserve Lot 26 pending completion of the appeal is $730 per month, the $18,888.25 would preserve the asset for more than two years.

8. It is essential to preserve Lot 26 pending completion of the appeal. The parcel in question is prime real estate in a development that borders the Bighorn County Club golf course in Palm Desert, California. Upon

information and belief, at the moment sales of property in that development are at reduced prices from what property in that development was fetching before the real estate crash, and the market in question has yet to come all the way out of a slump in prices. It is anticipated that the value of this property will rise while the appeal is pending. This means that the failure to stay a sale of the lot pending the appeal might permanently deprive Mr. Peters of an asset that will be owed to him if his appeal is successful, and may forever deprive him of the ability to recover it. This is a unique asset that may never be recovered or replaced once it is sold, especially if it appreciates in value as anticipated.

    9.  In similar circumstances, the United States District Court for the Eastern District of New York ordered a partial stay of forfeiture to prevent the sale of parcels of property in Florida while a defendants appeal was pending. *See United States v. Quinones*, 06-CR-845, 2009 WL 4249588 (E.D.N.Y. Nov. 25, 2009). The district court imposed the partial stay over the government's opposition, and concluded that the circumstances of the market warranted a stay:

> The Court further concludes that the stay sought by Quinones is warranted under the circumstances. The government does not dispute that the real-estate market in South Florida is in a slump. If the government were to sell the four parcels in such a market, they would, in effect, be foregoing any potential for appreciation in value once the market recovers; this loss will ultimately be borne by Quinones if the forfeiture order is reversed on appeal. The wiser course is simply to enjoin the government from selling the properties until its entitlement to them has been conclusively established.

2009 WL 4249588, at *2.

10. Under the circumstances, there is no prejudice or cost to the government if the stay is entered, and we hope that the government will consent to the stay and to the use of the $18,888.25 toward preservation of the asset while the appeal is pending. This is in the best interest of the government as well as the defendant, because both have an interest in seeing the property preserved and appreciate in value, and neither benefits if Mr. Peters's appeal is successful and the government has sold property that cannot be recovered or replaced.

11. Accordingly, the defense respectfully requests that the government not sell Lot 26 while the appeal is pending, and instead use the proceeds that were to be paid to Ms. Chaikovska for preservation of the asset, so that there will be a stay of forfeiture as to Lot 26 to prevent its sale pending completion of the appeal pursuant to Federal Rule of Criminal Procedure 32.2(d). In the event the government does not consent, the defense respectfully requests that the Court impose the stay pursuant to Rule 32.2(d) and in accordance with *Quinones*.

_____
James W. Grable, Jr., Esq.
CONNORS & VILARDO, LLP
Attorneys for Defendant
 Frank E. Peters
1000 Liberty Building
Buffalo, New York  14202
(716) 852-5533
jwg@connors-vilardo.com

Sworn to before me this
4th day of February, 2011.

_____
Notary Public

CURTIS J. AHRENS, JR.
Notary Public, State of New York
Qualified in Erie County
My Commission Expires Feb. 13, 2011