UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

       v.                                                                    **DECISION AND ORDER**
                                                                03-CR-211 (1) S

FRANK E. PETERS,

              Defendant.


1.     Presently before this Court is Defendant Frank E. Peters's Motion for Partial Stay of Forfeiture Pending Appeal.  (Docket No. 553.)  Peters seeks to stay forfeiture of 513 Mesquite Hills, Lot 26, Palm Desert, CA ("Lot 26"), an undeveloped parcel in a development that borders the Bighorn Country Club golf course.  The government opposes the motion.

2.     To "ensure that the property remains available pending appellate review," a court may stay an order of forfeiture pending appeal, if there is sufficient cause to do so. Fed. R. Crim. P. 32.2 (d).  The rule is intended to ensure that the property remains "intact and unencumbered so that it may be returned to the defendant in the event the appeal is successful."  Fed. R. Crim. P. 32.2 (d), 2000 Advisory Committee Notes.

3.     Courts consider four factors to determine whether a forfeiture order should be stayed: "(1) the likelihood of success on appeal; (2) whether the forfeited asset is likely to depreciate over time; (3) the forfeited asset's intrinsic value to defendant (i.e., the availability of substitutes); and (4) the expense of maintaining the forfeited property." United States v. Davis, No. 07-cr-11 (JCH), 2009 WL 2475340, at *2 (D. Conn. June 13, 2009) (citing United States v. Riedl, 214 F. Supp. 2d 1079, 1082 (D. Haw. 2001) (collecting

cases)).

4.      As to the first factor, Peters argues that he has a likelihood of success on appeal of the forfeiture order, because reasonable minds could differ as to whether Peters is the alter ego of the corporations that received moneys from the victim, J.P. Morgan Chase Bank, N.A.  This Court found that Peters was the alter ego, but Peters is correct that reasonable minds could differ.  Thus, his appeal is not disingenuous or frivolous, and it cannot be said that it is necessarily unlikely to succeed.  This factor therefore tips in favor of a stay.

5.      Concerning the second factor, it appears that Lot 26 may depreciate over time.  The government has submitted the affidavit of Anthony Moseley, a Realty Specialist with the U.S. Marshals Service in the Central District of California, where Lot 26 is located.  (Docket No. 562, Exhibit B.)  Moseley states that the real estate market in Southern California has been on a marginal upswing, but has not regained its levels of 2005 to early 2008.  (Moseley Aff., ¶ 4.)  Moseley's opinion is that Lot 26 should be sold now, rather than risk the uncertainty of the property decreasing in value over the next several years.  (Moseley Aff., ¶ 6.)  Of course, it is equally possible that the market could continue to rebound, although there is no evidence before this Court suggesting that to be the case.  Moseley contends that buyers exist now for Bighorn properties and that Lot 26 would likely be listed in the current market at between $1.5 and $2 million.  (Moseley Aff., ¶ 6.)  Based on this evidence, this Court finds that this factor weighs against a stay, which would allow Lot 26 to be sold to realize the recent gain in the market and avoid the risk of further depreciation.

6.      As for the third factor — Lot 26's intrinsic value to Peters — this Court is

unpersuaded that Lot 26 holds any intrinsic value.  Peters claims that "Lot 26 represents his only opportunity to resume the occupation of developing real estate if his appeal succeeds."  (Affidavit of James Grable, Jr., Docket No. 564, ¶ 12.)  This is not the case. If Peters's appeal of the forfeiture order succeeds, he will recover the proceeds of the sale of Lot 26, and there is no showing that he could not use those proceeds to begin developing real estate, if that is what he elected to do.  Nothing before this Court suggests that undeveloped Lot 26 is unique or in any way meaningful to Peters, beyond the business opportunity it presents.  Thus, this factor weighs against a stay.

7.      Fourth, the government will incur the Marshals Service's costs of monitoring Lot 26, plus quarterly association expenses of approximately $2,280, to maintain Lot 26 during the pendency of Peters's appeal.  Although the government concedes that the expenses are not excessive, paying them nonetheless expends the government's resources and decreases the net proceeds available to the victims.  This factor therefore counsels against granting a stay.[1]

8.      Finally, this Court has considered Peters's reliance on United States v. Quinones, wherein the court, faced with a similar motion, granted the defendant's request for a stay of forfeiture, reasoning that "[i]f the government were to sell the four parcels in such a [slumped] market, they [sic] would, in effect, be foregoing any potential for

---

[1]Peters argued that $18,888.25 already on deposit with the U.S. Marshals Service could be used to fund the future expenses associated with Lot 26.  This amount ($18,888.25) is what Peters's wife, Marta Chaikovska, spent previously to maintain Lot 26.  Pursuant to an agreement between the government, Peters, and Chaikovska, this Court issued an order directing that Chaikovska be reimbursed the $18,888.25 she paid from funds held by the Marshals Service.  Entitlement to the $18,888.25 became an issue, however, when Chase Bank filed a motion seeking payment of the $18,888.25 directly to itself, in partial satisfaction of a judgment it holds against Chaikovska.  By separate order, this Court determined that Chase Bank is entitled to direct payment of the $18,888.25.  Accordingly, Peters's argument that the $18,888.25 can be retained and used to fund future expenses for Lot 26 is no longer viable.

appreciation in value once the market recovers; this loss will ultimately be borne by [the defendant] if the forfeiture order is reversed on appeal." No. 06-CR-845(S-2)(FB), 2009 WL 4249588, at *2 (E.D.N.Y. Nov. 25, 2009). The <u>Quinones</u> court did not discuss the relevant factors set forth above, nor is there extended discussion of its decision to grant the stay. The reasoning that real property may appreciate in value coming out of a slumping economy is true for any piece of real property. Adherence to such a general principal would lead to the routine granting of stays of forfeiture involving real property, without accounting for the other relevant considerations. Accordingly, this Court takes little guidance from <u>Quinones</u>.

9.      For the reasons discussed above, Defendant's Motion for a Partial Stay of Forfeiture Pending Appeal (Docket No. 532) will be denied.


IT HEREBY IS ORDERED, that Defendant's Motion for a Partial Stay of Forfeiture Pending Appeal (Docket No. 532) is DENIED.

SO ORDERED.


Dated:  May 13, 2011
        Buffalo, New York

                                            <u>/s/William M. Skretny</u>
                                            WILLIAM M. SKRETNY
                                            Chief Judge
                                            United States District Court