UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

      v.

**DECISION AND ORDER**
03-CR-211S (1)

FRANK E. PETERS,

      Defendant.

_____

## I. INTRODUCTION

Presently pending is Defendant Frank E. Peters's pro se motion[1] requesting that

the undersigned recuse himself from further presiding over these proceedings, including

resolving Peters's motion to vacate, set aside, or correct his sentence under 28 U.S.C. §

2255. (Docket No. 597.) Because there are no valid grounds for recusal, Peters's

motion is denied.

## II. BACKGROUND

On October 22, 2003, a federal grand jury returned an 18-count indictment against

Peters and his co-defendants, Mark Hoffman[2] and Gregory Samer,[3] relating to a scheme

to defraud Chase Manhattan Bank ("Chase"), a federally-insured financial institution.

---

1 Because Peters is an attorney, he is not entitled to the special solicitude ordinarily afforded a pro se
litigant. See Tracy v. Freshwater, 623 F.3d 90, 101-02 (2d Cir. 2010) (citing Holtz v. Rockefeller & Co.,
258 F.3d 62, 82 n. 4 (2d Cir. 2001)).

2 The jury acquitted Hoffman of all counts against him. (Docket No. 338.)

3 Samer, who testified against Peters and Hoffman at trial, entered a guilty plea to Count 1 of the 03-CR-
211S indictment on February 4, 2005, and was sentenced to 18 months imprisonment on October 15, 2007.
(Docket Nos. 60, 308.)

(Docket No. 1.)   Peters controlled two corporate entities—World Auto Parts, Inc., and Big Horn Core, Ltd.—that had an asset-based revolving line of credit with Chase.   The government charged that Peters and the other two defendants conspired to defraud Chase by falsely overvaluing assets used to secure and maintain the revolving line of credit.

On July 30, 2007, after a 10-week trial, the jury convicted Peters of one count of conspiracy to commit bank fraud in violation of 18 U.S.C. §§ 371 and 2; one count of making a false statement to a bank in violation of 18 U.S.C. §§ 1014 and 2; one count of bank fraud in violation of 18 U.S.C. §§ 1344 and 2; two counts of wire fraud in violation of 18 U.S.C. §§ 1343 and 2; and one count of mail fraud in violation of 18 U.S.C. §§ 1341 and 2.   (Docket No. 338.)   The jury acquitted Peters of three other counts of making a false statement to a bank in violation of 18 U.S.C. §§ 1014 and 2, and at the conclusion of the government's proof, the undersigned dismissed a single count of money laundering in violation of 18 U.S.C. §§ 1957 and 2, and three counts of bank fraud in violation of 18 U.S.C. § 1344, pursuant to Rule 29 of the Federal Rules of Criminal Procedure.   (Docket Nos. 254, 255, 270, 338.)

On January 27, 2011, the undersigned sentenced Peters to 108 months' imprisonment and 3 years' supervised release and ordered him to pay $11,988,501.36 in restitution and $23,154,259 in forfeiture.   (See Docket Nos. 551, 552; United States v. Peters, 257 F.R.D. 377 (W.D.N.Y. 2009) (ordering forfeiture).)   The United States Court of Appeals for the Second Circuit affirmed the convictions, sentence, restitution, and forfeiture determinations in a summary order and a precedential opinion, each issued on

October 9, 2013.  See United States v. Peters, 543 F. App'x. 5 (2d Cir. Oct. 9, 2013) (summary order) (convictions, sentence, restitution); United States v. Peters, 732 F.3d 93 (2d Cir. 2013) (forfeiture).   The United States Supreme Court denied Peters's petition for writ of certiorari on June 9, 2014.  See Peters v. United States, 134 S. Ct. 2740, 189 L. Ed. 2d 776 (2014).

On June 8, 2015, Peters filed individual motions to vacate his sentence, to recuse the undersigned, and to preserve stenographic recordings.   (Docket Nos. 596-598.) The undersigned denied Peters's motion to preserve stenographic recordings as moot on June 16, 2015, and will resolve his motion to vacate his sentence by separate decision. (Docket No. 599.)   Peters's motion for recusal is resolved below.

### III.   DISCUSSION

**A.      Recusal Standards**

Recusal motions are committed to the discretion of the judge whose recusal is sought, who himself is "as much obliged *not* to recuse himself when it is not called for as he is obliged to when it is."   In re Certain Underwriter, 294 F.3d 297, 302 (2d Cir. 2002) (emphasis added); see also In re Drexel Burnham Lambert, Inc, 861 F.2d 1307, 1312 (2d Cir. 1988) (citing Apple v. Jewish Hosp. & Med. Ctr., 829 F.2d 326, 333 (2d Cir. 1987)). "In deciding whether to recuse himself, the trial judge must carefully weigh the policy of promoting public confidence in the judiciary against the possibility that those questioning his impartiality might be seeking to avoid the adverse consequences of his presiding over their case."   Drexel, 861 F.2d at 1312.   Litigants, after all, are "entitled to an unbiased judge; not to a judge of their choosing."   Id.

Recusal motions based on actual bias or prejudice fall under two statutes: 28 U.S.C. §§ 144 and 455 (b)(1). Section 144 requires recusal when a party demonstrates that the judge has "a personal bias or prejudice" against that party or in favor of an adverse party. The moving party must demonstrate bias or prejudice through the filing of a "timely and sufficient affidavit." 28 U.S.C. § 144. "The affidavit must be 'sufficient,' to provide 'fair support' for the charge of partiality." Apple, 829 F.2d at 333 (citing Wolfson v. Palmieri, 396 F.2d 121, 124 (2d Cir. 1968) (per curiam)); see also Hoatson v. New York Archdiocese, No. 05 CIV. 10467 (PAC), 2006 WL 3500633, at *2 (S.D.N.Y. Dec. 1, 2006) ("Affidavits in support of the motions pursuant to §§ 144 and 455 (b)(1) require a factual demonstration of bias, not simply the appearance of impropriety."). If the affidavit sets forth a legally sufficient basis for recusal, another judge must be assigned to resolve the motion. See 28 U.S.C. § 144. But no such forbearance is required where the supporting affidavit is insufficient on its face. See Role v. Eureka Lodge No. 434, 402 F.3d 314, 318 (2d Cir. 2005) (per curiam). Whether the affidavit is legally sufficient is determined within the court's discretion. See Apple, 829 F.2d at 333.

Section 455 (b)(1) similarly requires recusal "[w]here [the judge] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."

Because §§ 144 and 455 (b)(1) are *in pari materia*, they are construed together in the same manner. See United States v. Pugliese, 805 F.2d 1117, 1125 (2d Cir. 1986).

Recusal motions based on the broader ground of the *appearance of* partiality fall under 28 U.S.C. § 455 (a), which provides that "[a]ny justice, judge, or magistrate judge

of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." An objective test applies: the judge must determine "whether an objective, disinterested observer, fully informed of the underlying facts, would entertain significant doubt that justice would be done absent recusal." In Re Basciano, 542 F.3d 950, 956 (2d Cir. 2008) (alterations and internal quotation marks omitted); see also Chase Manhattan Bank v. Affiliated FM Ins. Co., 343 F.3d 120, 127 (2d Cir. 2003) (finding that whether partiality exists is determined "based on what a reasonable person knowing all the facts would conclude"). But § 455 (a) "does not compel disqualification 'simply on unfounded innuendo concerning the possible partiality of the presiding judge.'" Cannino v. Barclays Bank, No. 94-Civ-6314, 1998 WL 7219, at *3 (S.D.N.Y. Jan. 7, 1998) (citation omitted).

In assessing these grounds for recusal, the United States Supreme Court has found that "judicial rulings alone almost never constitute a valid basis for bias or partiality motions." Liteky v. United States, 510 U.S. 540, 555, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994). Moreover, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Id. Thus, "[r]ecusal is not warranted where the only challenged conduct consists of judicial rulings, routine trial administration efforts, and ordinary admonishments to counsel and to witnesses, where the conduct occurs during judicial proceedings, and where the judge neither (1) relies upon knowledge acquired outside such proceedings nor (2) displays deep-seated

and unequivocal antagonism that would render fair judgment impossible." S.E.C. v

Razmilovic, 738 F.3d 14, 29-30 (2d Cir. 2013).

**B.      Peters's Motion for Recusal**

Peters contends that recusal is required for several reasons: (1) the undersigned

tampered with the trial transcript; (2) the undersigned and his wife are friends with one of

Peters's lawyers (Terrence Connors) and his wife; (3) the undersigned's former law clerk,

James W. Grable, Jr., served as one of Peters's lawyers; and (4) the undersigned

expressed disdain for Peters at sentencing.    The government opposes the motion and

argues that Peters fails to set forth a valid basis for recusal.    The undersigned agrees.

**1.  Peters has failed to demonstrate actual bias or prejudice.**

The only allegation of actual bias or prejudice is Peters's claim that this Court

deleted (or approved the deletion of) portions of the trial transcript that would reveal that

Connors uttered an expletive in his closing argument, thereby exhibiting a bias or

prejudice in favor of Connors.    This claim, however, is not set forth in a legally sufficient

affidavit for purposes of § 144.    While Peters cites a "Peters Affidavit," see Motion to

Recuse, Docket No. 597, ¶ 3, he did not file an affidavit in support of his recusal motion.

Instead, it appears that Peters relies on his affidavit filed in support of his motion to vacate

sentence.    (See Affidavit of Frank E. Peters ("Peters Aff."), Docket No. 596, pp. 72-78.)

Even so, the relevant portion of that affidavit simply sets forth Peters's belief that Connors

used an expletive in his closing.    (See id. ¶¶ 31-36.)    No facts are stated concerning the

undersigned's alleged involvement in tampering with the trial transcript.    Consequently,

Peters's request under § 144 fails on this procedural ground.

Nonetheless, even in the absence of a sworn affidavit, Peters's allegations are conclusory, speculative, and far-fetched. There is no record of Connors using the expletive that Peters attributes to him—the undersigned has no recollection of it; the prosecutors do not recall it (see Affidavit of Gretchen Wylegala, Docket No. 603, ¶¶ 14, 15); it is not contained in the trial transcript (see Docket Nos. 307, 341); and Grable only *thought* he heard it (see Peters Aff., Exhibit A). Moreover, no facts are provided to support Peters's entirely unfounded and unsubstantiated claim that the trial transcript was tampered with, either by the undersigned or anyone else. Peters's motion for recusal on this baseless ground is therefore denied. See Whitnum v. Town of Woodbridge, No. 3:17-CV-1362 (JCH), 2019 WL 3024865, at *3 (D. Conn. July 11, 2019) (denying recusal premised only on "conclusory allegations and speculative beliefs").

**2. Peters has failed to demonstrate the appearance of partiality.**

Peters first maintains that the undersigned's relationships with his two attorneys alone gives rise to an appearance of bias in their favor and may preclude fair resolution of his ineffective-assistance-of-counsel claims against them. This is, however, a non-starter: "a judge's acquaintance with . . . an attorney . . . without some factual basis for inferring bias or prejudice, is not sufficient to warrant recusal." Wiltshire v. Williams, No. 10 Civ. 6947, 2012 WL 899383, at *3 (S.D.N.Y. Mar. 16, 2012); see also United States v. Murphy, 768 F.2d 1518, 1537 (7th Cir. 1985) (noting that "a judge need not disqualify himself just because a friend—even a close friend—appears as a lawyer"). Equally so, Grable's service as a law clerk to the undersigned some five years before this case was indicted is also insufficient to warrant recusal. See United States v. Jones, No. CR-89-

61E, 1989 WL 58544, at *4 (W.D.N.Y. June 2, 1989) (finding that participation as counsel

of law clerk who served almost four years earlier did not warrant recusal).   Consequently,

even assuming that the undersigned has the relationships with Peters's counsel that he

claims, they do not warrant recusal.   See United States v. Occhipinti, 851 F. Supp. 523,

527 (S.D.N.Y. 1993) ("Petitioner's argument, if taken to its illogical conclusion, would have

virtually every judge recuse himself or herself whenever a former law clerk, or any

attorney with whom he or she is acquainted for that matter, appears before the court.

Accordingly, this argument is totally without merit and instantly rejected.").

Peters's remaining argument is that the undersigned's characterization of his

lifestyle as "lavish" at sentencing demonstrates or gives rise to the appearance of the

undersigned's bias or prejudice against him.   As noted above, however, opinions formed

and expressed during judicial proceedings cannot serve as the basis for a bias or partiality

motion unless they "display a deep-seated favoritism" or "antagonism that would render

fair judgment impossible."   Liteky, 510 U.S. at 555.   Neither circumstance is present

here.   While Peters believes that the undersigned's comment reveals disdain for him, it

is apparent in the proper context that the undersigned was simply commenting on the

record before him, which included evidence that Peters had documented expenses of

almost $31,000 *per month*.[4]   (Sentencing Transcript, Docket No. 577, p. 14.)   In any

event, the undersigned's comment, made during the course of the judicial proceedings

---

4 Later in the sentencing proceeding, the undersigned reiterated that he was not judging Peters's life choices: "And when you say comments to the effect that I begrudge you your lifestyle, not in the least.   My view is that any individual who with honesty and integrity earns what he or she gets, that's the American way."   (Sentencing Transcript, Docket No. 577, p. 43.)

and based on information learned during those proceedings, does not serve as a valid basis for recusal.  See Liteky, 510 U.S. at 555 (noting that judicial remarks that are critical or disapproving of a party ordinarily do not support recusal).

## IV.  CONCLUSION

Peters has failed to establish that the undersigned harbors a personal bias or prejudice warranting recusal, nor has he demonstrated that an individual fully aware of the facts above might reasonably question the undersigned's impartiality.   Peters's motion seeking recusal is therefore denied in its entirety.

## V.  ORDER

IT HEREBY IS ORDERED, that Defendant's Motion to Recuse (Docket No. 597) is DENIED.

SO ORDERED.


Dated:   February 20, 2020
         Buffalo, New York

                                    s/William M. Skretny
                                    WILLIAM M. SKRETNY
                                    United States District Judge